CHARLES W. DAHLQUIST, II (USB 0798)
*cdahlquist@kmclaw.com*
JAMES T. BURTON (USB 11875)
*jburton@kmclaw.com*
**KIRTON │ McCONKIE**
1800 World Trade Center
60 East South Temple
Salt Lake City, Utah 84145-0120
Telephone:  (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT TORSON as personal representative of the estate of Melodie M. Clement; and MERLE CLEMENT, individually and heir of the estate of Melodie M. Clement, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; KEVIN McCOLLIN, an individual; RICHARD NICKELL, an individual; and JOHN DOES 1-10; <br><br> Defendants. | **COMPLAINT** <br> **(Jury Trial Demanded)** <br><br><br> Case No.:  2:15-cv-00518-DBP <br><br> Judge:  Dustin B. Pead |

Plaintiffs Scott Torson,("Torson"), as personal representative of the estate of Melodie M.

Clement, and Merle Clement, individually and heir of the estate of Melodie M. Clement

("Clement") (collectively, "Plaintiffs"), by and through their counsel of record, hereby allege and

complain against Defendants United States of America, Kevin McCollin ("McCollin"), Richard

Nickell ("Nickell") and JOHN DOES 1-10 (collectively, "Defendants"), as follows:

## THE PARTIES

1.      Plaintiff, Scott Torson is a resident of Salt Lake County, Utah.

2.      Plaintiff Merle Clement is a resident of Salt Lake County, Utah.

3.      The United States of America, acting through one of its agencies, including, *inter*

*alia*, the Department of the Army, the Dugway Proving Ground, and/or the General Services

Administration ("GSA"), is an appropriate defendant pursuant to the Federal Tort Claims Act.

4.      Defendant McCollin is a resident of Tooele County, Utah.

5.      Defendant Nickell is a resident of Tooele County, Utah.

6.      The true names and capacities of JOHN DOES 1 through 10, inclusive, are

unknown to Plaintiffs who, therefore, sue said Defendants by such fictitious names.  Upon

information and belief, Plaintiffs allege that each of the Defendants designated herein as a

fictitiously-named defendant is, in some manner, responsible for the events and happenings

herein referred to and caused the damage to Plaintiffs as herein alleged.  Plaintiffs will amend

this Complaint to allege such true names and capacities when these facts are ascertained.

7.      Upon information and belief, Plaintiffs allege that at all times herein mentioned,

each of the specifically and fictitiously-named defendant was the agent, principal, partner,

associate, joint venturer, employee, contractor, independent contractor and/or co-conspirator of

each and all of the other specifically and fictitiously-named defendants, and each of them was

acting within the purpose and scope of said agency, partnership, association, joint venture,

employment, contractor/client relationship, independent contractor/client relationship and/or

conspiracy, and was so acting with the authorization, permission and/or consent of each and all of the other specifically and fictitiously named defendants.

## JURISDICTION AND VENUE

8.      This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*., against the United States of America and McCollin, which vests exclusive subject matter jurisdiction of federal tort claims in the federal district court.

9.      As to the claims against Nickell and JOHN DOES 1 through 10, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

10.     This Court further has supplemental jurisdiction over McCollin under 28 U.S.C. § 1367(a).

11.     Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1)(B).

12.     Pursuant to 28 U.S.C. § 2675, Plaintiffs' claim was presented to the United States of America through the Department of the Army on January 12, 2015.

13.     On February 6, 2015, the United States of America denied Plaintiffs' claim.

## FACTUAL ALLEGATIONS

14.     On February 16, 2014, Melodie Clement was traveling on State Route 36 between mile post 62 and Stansbury Parkway, Tooele County, Utah.

15.     Ms. Clement's common-law husband, Urban J. Montoya, was a passenger in Melodie Clement's car.

16.     A 2006 Dodge Caravan ("GSA Vehicle") owned by the United States of America, had been provided to McCollin through the General Services Administration and the Dugway Proving Ground, Department of the Army.

17.     According to the February 16, 2014, State of Utah Investigating Officer's Report of Traffic Crash, the GSA Vehicle was covered by an insurance "policy under the Federal Tort Claims Act (28 U.S.C. 2671-2680), effective date of policy 01/01/2014."

18.     At the time of the accident, McCollin, acting in his capacity as an agent of the Department of the Army and/or General Services Administration and/or Dugway Proving Ground, including as a volunteer in the Dugway Proving Ground chaplain's office, was transporting a Dugway Proving Ground youth group to a Christian rock concert in Salt Lake City, Utah.

19.     Upon information and belief, the United States Department of the Army, and/or General Services Administration, and/or Dugway Proving Grounds, authorized McCollin to use the GSA Vehicle on February 16, 2014, to transport a Dugway Proving Grounds youth group to a Christian rock concert because of his status as a volunteer and/or employee of the United States Department of the Army, and/or General Services Administration, and/or Dugway Proving Grounds.

20.     While driving northbound on State Route 36 in the GSA Vehicle, McCollin negligently made an illegal lane change, clipping another car driven by Nickell and causing the GSA Vehicle to spin into the southbound lane of traffic.

21.     As the GSA vehicle spun out of control in the southbound lane of traffic.

22.     Melodie Clement did not have sufficient time to avoid the collision, and the vehicle she was driving struck the GSA vehicle.

23.     Melodie Clement and Mr. Montoya were both killed instantly.

24.     Melodie Clement provided significant financial support to her mother, Clement.

25.     Additionally, Melodie Clement was a source of significant society, comfort, care, and protection to Clement.

26.     As a result of Defendants' actions, Plaintiffs have suffered from anxiety, grief, mental suffering, sorrow, anguish, and depression.

27.     As a result of Defendants' actions, Plaintiffs have further suffered a loss of society, comfort, care, and association.

28.     Plaintiffs also suffered a loss of the 1997 Subaru Outback (valued at approximately $5,000), groceries that were purchased immediately before the crash (valued at $206.97), and funeral/cremation expenses (valued at $2,500.87).

## FIRST CLAIM FOR RELIEF
### (Negligence – against USA)

29.     Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth herein.

30.     USA had an affirmative duty of reasonable care to Plaintiffs to protect Plaintiffs from the damages they suffered resulting from the injuries that led to Melodie Clement's death after she collided with the GSA Vehicle.

31.     USA further had an affirmative duty to train and/or supervise McCollin.

32.     USA failed to adequately train and/or supervise McCollin.

33.     USA further had an affirmative duty to comply with its own laws, regulations, and instructions governing volunteer work and the use of government vehicles by volunteers.

34.     USA failed to comply with its own laws, regulations, and instructions governing volunteer work and the use of government vehicles by volunteers.

35.     It was foreseeable to USA that failing to adequately train or supervise McCollin in the operation of the GSA vehicle, or failing to comply with its own laws, regulations, and instructions regarding the use of government vehicles by volunteers, would create undue risk of harm resulting in injury.

36.     USA breached this duty of care to Plaintiffs by subjecting Melodie Clement to the fatal injuries sustained after her car collided with the GSA Vehicle and by subjecting Plaintiffs to the damages suffered as a result of Melodie Clement's death.

37.     As a direct and proximate result of the acts and omissions of USA, Melodie Clements was killed after striking the GSA Vehicle.

38.     As a direct and proximate result of the acts or omissions of USA, Plaintiffs have suffered from anxiety, grief, mental suffering, sorrow, anguish, and depression.  Plaintiffs have further suffered a loss of society, comfort, care, and association with Melodie Clement.

39.     Plaintiffs are entitled to recover all economic and non-economic damages, together with such other damages as may be provided under Utah Code Ann. § 78B-3-106.

40.     Plaintiffs have been injured in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (Negligence – against McCollin)

41.     Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth herein.

42.     McCollin had an affirmative duty of reasonable care to Plaintiffs to protect Plaintiffs from the damages they suffered resulting from the injuries that led to Melodie Clement's death after colliding with the GSA Vehicle driven by McCollin.

43.     McCollin breached this duty of care to Plaintiffs in one or more of the following ways:

   a. Improper lane maneuver;
   b. Failing to yield the right-of-way to a vehicle traveling in the proper direction;
   c. Failing to maintain control;
   d. Failing to maintain a proper lookout;
   e. Failing to travel at a safe rate of speed;
   f. Failing to exercise due care in the operation of a vehicle;
   g. Failing to avoid a collision in the roadway; and/or
   h. Any other acts and/or omissions that may later be discovered.

44.     As a result of McCollin's breach of his duty of care, Melodie Clement was subjected to fatal injuries sustained after her car collided with the GSA Vehicle and Plaintiffs were subjected to the damages suffered as a result of Melodie Clement's death.

45.     As a direct and proximate result of the acts and omissions of McCollin, Melodie Clements was killed after striking the GSA Vehicle.

46.     As a direct and proximate result of the acts or omissions of McCollin, Plaintiffs have suffered from anxiety, grief, mental suffering, sorrow, anguish, and depression. Plaintiffs have further suffered a loss of society, comfort, care, and association with Melodie Clement.

47.     Plaintiffs are entitled to recover all economic and non-economic damages, together with such other damages as may be provided under Utah Code Ann. § 78B-3-106.

48.     Plaintiffs have been injured in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Negligence – against Nickell)

49.     Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth herein.

50. Nickell had an affirmative duty of reasonable care to Plaintiffs to protect Plaintiffs from the damages they suffered resulting from the injuries that led to Melodie Clement's death.

51.     Nickell breached this duty of care to Plaintiffs in one or more of the following ways:

    a.  Improper lane maneuver;
    b.  Failing to yield the right-of-way to a vehicle traveling in the proper direction;
    c.  Failing to maintain control;
    d.  Failing to maintain a proper lookout;
    e.  Failing to travel at a safe rate of speed;
    f.  Failing to exercise due care in the operation of a vehicle;
    g.  Failing to avoid a collision in the roadway; and/or
    h.  Any other acts and/or omissions that may later be discovered.

52.     As a result of Nickell's breach of his duty of care, Melodie Clement was subjected to fatal injuries sustained after her car collided with the GSA Vehicle and Plaintiffs were subjected to the damages suffered as a result of Melodie Clement's death.

53.     As a direct and proximate result of the acts and omissions of Nickell, Melodie Clements was killed.

54.     As a direct and proximate result of the acts or omissions of Nickell, Plaintiffs have suffered from anxiety, grief, mental suffering, sorrow, anguish, and depression.  Plaintiffs have further suffered a loss of society, comfort, care, and association with Melodie Clement.

55.     Plaintiffs are entitled to recover all economic and non-economic damages, together with such other damages as may be provided under Utah Code Ann. § 78B-3-106.

56.     Plaintiffs have been injured in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### (Doctrine of *Respondeat Superior* – against USA)

57.     Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth herein.

58.     McCollin was acting under the direction of USA at the time of his operation of the GSA Vehicle when he killed Melodie Clement and caused harm to Plaintiffs.

59.     USA, acting through its agent/employee McCollin, owed Plaintiffs the duty to act reasonably while operating the GSA Vehicle.

60.     USA, acting through McCollin, breached this duty of care to Plaintiffs by subjecting Plaintiffs to the harm caused by the negligent operation of the GSA Vehicle, including the death of Melodie Clement and the resulting harm to Plaintiffs.

61.     USA's breach of this duty of care constitutes negligence.

62.     Because McCollin was acting under the control of the USA, the USA is liable for McCollin's conduct under the doctrine of *respondeat superior*.

63.     As a direct and proximate result of the acts and omissions of USA, Melodie Clements was killed after striking the GSA Vehicle.

64.     As a result of Melodie Clement's death, Plaintiffs have suffered from anxiety, grief, mental suffering, sorrow, anguish, and depression.  Plaintiffs have further suffered a loss of society, comfort, care, and association with Melodie Clement.

65.     Plaintiffs have been injured in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Survival Action)

66.     Plaintiffs incorporate the allegations of the preceding paragraphs as though fully set forth herein.

67.     As a direct, proximate, and foreseeable consequence of the aforementioned acts of Defendants, Melodie Clements suffered death.  Melodie Clements' estate is entitled to recover general and special damages from the Defendants as described herein pursuant to Utah Code Ann. § 78B-3-107 and other applicable law.

68.     Plaintiffs are also entitled to recover statutory interest on special damages pursuant to Utah Code Ann. § 78B-5-824 from the date of the incident.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs requests that the Court award:

(a)  General damages in an amount to be determined at time of trial;

(b)  Special damages in an amount to be determined at time of trial, including damages to compensate Plaintiffs for:

(i)      The loss of the 1997 Subaru Outback, including any costs associated with towing and/or storage after the accident;

(ii)     The groceries purchased immediately before Melodie Clement's death;

(iii)    Melodie Clement's funeral/burial expenses

(iv)     Any other out-of-pocket expense incurred by Plaintiffs as a result of Defendants' conduct.

(c)  Pre-judgment interest; and

(d) An Order granting Plaintiffs such other and additional relief against Defendants as may be just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly triable to a jury in this case.

DATED this 22nd day of July, 2015.

KIRTON | McCONKIE, P.C.

By: /s/ James T. Burton
    Charles W. Dahlquist, II
    James T. Burton
    1800 World Trade Center
    60 East South Temple
    Salt Lake City, Utah 84145-0120
    Telephone:  (801) 328-3600
    Facsimile:  (801) 321-4893

*Attorneys for Plaintiff*